IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ROBERT DENNIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO:** |
| v. : | **7:24-CV-4–WLS-ALS** |
| : | |
| **TERRY E. BARNARD,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

Before the Court is the Order & Recommendation (Doc. 31) ("Recommendation") entered April 9, 2025, by United States Magistrate Judge Alfreda L. Sheppard recommending that the Defendants' Motion for Judgment on the Pleadings and Brief in Support Thereof (Doc. 28) ("Motion for Judgment") be granted. Judge Sheppard notified the parties that they had fourteen days to file objections to the Recommendation. (Doc. 31 at 4). Plaintiff's Motion for Objections and Responses to Recommendation (Doc. 32) ("Objection") was docketed May 12, 2025, and Defendants' Response to Plaintiff's Objection (Doc. 33) was filed May 27, 2025.

## I.  BACKGROUND

Plaintiff is serving a life sentence with possibility of parole. Plaintiff committed the offense as a juvenile and was sentenced on October 19, 1998.[1] On February 27, 2023, the Georgia State Board of Pardons and Paroles ("Board") denied Plaintiff's parole on the basis that he had served an insufficient amount of time to be eligible for parole.

On July 17, 2024, Plaintiff brought this action against the Board, John Doe, Director of the Georgia Department of Corrections, and the following members and/or officers of the

---

[1] The history of Plaintiff's sentence and changes in the sentence from life without parole to life with possibility of parole is provided in more detail in Judge Sheppard's Recommendation.

1

Board: Terry Barnard, Jacqueline Bunn, David Herring, Meg Heap, Timothy C. Ward, and Crystal L. Moon (collectively, the "Defendant Board Members"). Plaintiff alleges that he was denied parole without being given the opportunity to demonstrate maturity and rehabilitation. On preliminary review of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A, United States Magistrate Judge Thomas Q. Langstaff[2] recommended that Plaintiff's claims against the Board and the Director of the Georgia Department of Corrections be dismissed without prejudice, but that the claims against the individual Defendant Board Members be permitted to proceed for further development. (*See* Doc. 4). On July 22, 2024, the Court entered an Order (Doc. 23) accepting and adopting Judge Langstaff's recommendation. On January 15, 2025, the Defendant Board Members filed their Motion for Judgment to which Plaintiff responded (Doc. 30). As noted above, Plaintiff filed his Objection to the Recommendation, Defendant Board Members responded, and this matter is ripe for resolution.

## II.   STANDARD OF REVIEW

A district court judge shall make a *de novo* determination of those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. "Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (alteration adopted) (citation and internal quotation marks omitted).

To properly object to the Recommendation, Plaintiff is required to provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Id.* at 783 (citation and internal quotation marks omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

---

[2] Judge Langstaff retired on January 3, 2025, and this case was reassigned to Judge Sheppard on January 6, 2025.

2

construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020) (per curiam) (citation and internal quotations marks omitted). However, *pro se* parties are still required to make their own arguments and provide supporting authority for those arguments. "The leniency afforded to *pro se* pleadings 'does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). Further, liberal construction of *pro se* filings does not require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356-2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), *recommendation accepted and adopted by* 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013).

### III. PLAINTIFF'S OBJECTION

Objections were due April 23, 2025. "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. Absent evidence to the contrary, we assume that the prisoner's filing was delivered to prison authorities the day he signed it." *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (citation and internal quotation marks omitted). Plaintiff signed his Objection on May 5, 2025. (*See* Doc. 32 at 16). Thus, Plaintiff's Objection was filed late.

Further, the Objection merely rehashes Plaintiff's arguments set forth in his opposition (Doc. 30) to the Motion for Judgment essentially disagreeing with Judge Sheppard's findings but not providing any support for his objections other than his original arguments. Because no timely objection was filed, the Court reviews the Recommendation for clear error. *See Macort*, 208 F. App'x at 784.

### IV. MOTION FOR JUDGMENT AND RECOMMENDATION

Judge Sheppard concluded that the Motion for Judgment should be granted because the facts, taken in the light most favorable to Plaintiff, showed that Defendant Board Members had not acted arbitrarily in denying Plaintiff parole. Under O.C.G.A. § 42-9-39(b) "when a

3

person is convicted of murder and sentenced to life imprisonment and such person has previously been incarcerated under a life sentence, such person shall serve at least 30 years . . . before becoming eligible for parole. The statute was modified effective July 1, 2006, to increase the minimum years that must be served before a person is eligible for parole from 25 to 30 years. The Court agrees with Judge Sheppard's analysis that regardless of whether Plaintiff was required to serve 25 or 30 years before being eligible for parole, as of February 27, 2023, Plaintiff had served only 24 years and 4 months imprisonment.[3] As such, the denial of parole without providing Plaintiff with an opportunity to demonstrate maturity and rehabilitation was not arbitrary or unauthorized.

## V.  CONCLUSION

Judge Sheppard recommends that the Court grant the Motion for Judgment (Doc. 28). Upon full review and consideration of the record, the Court finds that the Recommendation (Doc. 31) should be, and it hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.

Accordingly, Defendants' Motion for Judgment on the Pleadings and Brief in Support Thereof (Doc. 28) is **GRANTED**. It is hereby **ORDERED AND ADJUDGED** that Plaintiff shall take nothing by his Complaint (Doc. 1) from the Defendant Board Members and **JUDGMENT** shall be entered in favor of such defendants Terry Barnard, Jacqueline Bunn, David Herring, Meg Heap, Timothy C. Ward, and Crystal L. Moon and against Plaintiff.

**SO ORDERED**, this 1st day of July 2025.

                                          **/s/W. Louis Sands**
                                          **W. LOUIS SANDS, SR. JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[3] The Court makes no finding herein as to whether Plaintiff is required to serve a minimum of 30 years under the revised version of O.C.G.A. § 42-9-39(b) that went into effect on July 1, 2006, or whether the prior version of § 42-9-39(b) is applicable to Plaintiff.